FILED
JAN 20 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:06CR 016-A |
| ) | [18 USC 1623] |
| MITCHELL GILES ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

### COUNT 1

1. On or about the 30th day of November, 2005, in Montgomery County, in the Middle District of Alabama, the defendant,

MITCHELL GILES,

while under oath as a witness in a case then being heard before the United States District Court for said District entitled UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly made a material declaration which was inconsistent with a prior material declaration made by MITCHELL GILES, while testifying under oath in a proceeding before a duly empaneled and sworn grand jury for the United States District Court for the Middle District of Alabama, such material declarations being inconsistent to the degree that one of them is necessarily false.

2. It was material to each of the proceedings described in paragraph 1 to determine whether MITCHELL GILES had given money to the said Tyrone White at anytime.

3. On or about the 3rd day of August, 2005, the defendant, MITCHELL GILES, while appearing as a witness under oath before the federal grand jury in the Middle District of Alabama, knowingly testified with respect to a material matter as follows:

"Q. Okay. At some point, did you talk to Officer White about your charges; and that is, the trespassing?

A. Right, yes, sir.

Q. When did that happen and where?

A. Well, I talked with him. I seen him over there in the – on Bargain Street Road that's down from the old projects in Auburn. And I seen him and I stopped him. And I was asking him – I was telling him about the charges I had in the projects, that I had got caught. And I asked him was there any way he probably could help me out. And he quoted to me, well, I can see; I will check with this lady down at the police station; but I'm telling you now, it's going to be expensive. And I was like, well, I don't care what it cost; I just don't want to get locked up for 30 days and lose everything I've got. Then he said, well, I'll just get back with you later and I'll tell you what to do and how to do it." (T. 5, line 13-T. 6, line 4); and

"Q. And it some point did you actually pay Officer White the agreed-upon money?

A. Yes, sir.

Q. What did you pay him again?

A. $300. (T. 9, lines 2-6).

4. On or about the 30th day of November, 2005, the defendant, MITCHELL GILES, while under oath as a witness in UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly testified with respect to a material matter as follows:

"Q. So then it would be true, then – or it would not be true that you saw him and you stopped him?

A. No, sir, that's untrue.

Q. You just made that up?

A. Yes, sir.

Q. And I was asking when it says that you were asking him about charges that you had for the projects and you got caught, you never did that?

A. No, sir. No, sir.

Q. Then where it says you asked him if there was any way he could help you out, you never asked him to help you out?

A. No, sir, I did not. No, sir.

Q. And he didn't tell you about any lady down at the police station?

A. Well, when I got with Mr. Core, when Tyrone told him what to tell me to go down there, yes, I did sign a piece of paper down there at the Clerk's Office in Auburn.

Q. But he didn't tell that you it was going to be expensive?

A. No, sir.

Q. Turning to page six. Did you ever tell Tyrone that you didn't want to get locked up for thirty days and lose everything --

A. No, sir." (T. 231 line 5- T. 232 line 12); and

"Q. All right. Let me take you to page 9 line two. There it says, "So at some point did you actually pay Officer White the agreed upon money?" And your answer was, "Yes, sir." Is that true?

A. No, sir, I didn't pay him any money.

Q. And Mr. Franklin asked you a second question, "What did you pay him again". And

you said "Three hundred dollars." Is that true?

A. No, sir, that's untrue." (T. 235, line 24- T. 236, line 9).

5. The underscored material declarations of the defendant, MITCHELL GILES, quoted in paragraph 3 and 4 herein were irreconcilably contradictory and were material to the point in question in each of the proceedings before which such declarations were made.

All in violation of Title 18, United States Code, Section 1623.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
K. David Cooke, Jr.
Assistant United States Attorney