IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                           ) | CR. NO. 02:06-CR-016-A |
| ) | |
| MITCHELL GILES                    ) | |

PLEA AGREEMENT

**DEFENSE COUNSEL:**        EVERETT M. URECH

**ASSISTANT U.S. ATTORNEY:**    K. DAVID COOKE, JR.

**COUNT AND STATUTES CHARGED:**

Count 1:    18 U.S.C. § 1623
            False Testimony Before a Court or Grand Jury

**COUNT(S) PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1:    18 U.S.C. § 1623
            False Testimony Before a Court or Grand Jury

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1:    18 U.S.C. § 1623
            False Testimony Before a Court or Grand Jury

            NMT $10,000 or
            NMT 5Y imprisonment, or both
            NMT 3Y supervised release
            $100 AF
            VWPA

**ELEMENTS OF THE OFFENSE(S):**

Counts 1:   18 U.S.C. § 1623:
            False Testimony Before a Court or Grand Jury

   *First*:  That the Defendant made the subject declarations during testimony given while
            the Defendant was under oath as a witness before a federal court or Grand Jury, as

1

|               |                                                                                                      |
|---------------|------------------------------------------------------------------------------------------------------|
|               | charged;                                                                                             |
| *Second*:     | That the subject declarations were inconsistent to the degree that one of them is necessarily false; |
| *Third*:      | That the declarations concern some material matter before the respective court and Grand Jury proceedings; and |
| *Fourth*:     | That such testimony was knowingly and willfully given by the Defendant as charged.                   |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

K. David Cooke, Jr., Assistant United States Attorney, and Everett M. Urech, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

    a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b).

Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

    a. To plead guilty to Count 1 of the Indictment.

    b. Not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged or chargeable or not. Such criminal activity would include, but is not limited to, witness tampering, or facilitation of any other criminal activity. Determination of whether Defendant's conduct is a violation of this provision is at the complete discretion of the Government.

    c. The defendant understands that while the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the United States Sentencing Guidelines.

    d. The facts used to determine the defendant's Guidelines offense level and sentence will be found by the Court at sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay.

## FACTUAL BASIS

4. The defendant admits the allegations charged in Count 1, and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, on or about the 30th day of November, 2005, in Montgomery County, in the Middle District of Alabama, the

defendant, while under oath as a witness in a case then being heard before the United States District Court for said District entitled UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly made a material declaration which was inconsistent with a prior material declaration made by MITCHELL GILES, while testifying under oath in a proceeding before a duly empaneled and sworn grand jury for the United States District Court for the Middle District of Alabama, such material declarations being inconsistent to the degree that one of them is necessarily false.

The Defendant admits that it was material to each of the proceedings to determine whether he had given money to the said Tyrone White at anytime.

The Defendant further admits that, on or about the 3rd day of August, 2005, the defendant, while appearing as a witness under oath before the federal grand jury in the Middle District of Alabama, knowingly testified with respect to a material matter as follows:

> "Q. Okay. At some point, did you talk to Officer White about your charges; and that is, the trespassing?
>
> A. Right, yes, sir.
>
> Q. When did that happen and where?
>
> A. Well, I talked with him. I seen him over there in the – on Bargain Street Road that's down from the old projects in Auburn. And I seen him and I stopped him. And I was asking him – I was telling him about the charges I had in the projects, that I had got caught. And I asked him was there any way he probably could help me out. And he quoted to me, well, I can see; I will check with this lady down at the police station; but I'm telling you now, it's going to be expensive. And I was like, well, I don't care what it cost; I just don't want to get locked up for 30 days

and lose everything I've got. Then he said, well, I'll just get back with you later and I'll tell you what to do and how to do it." (T. 5, line 13-T. 6, line 4); and

"Q. And it some point did you actually pay Officer White the agreed-upon money?

A. Yes, sir.

Q. What did you pay him again?

A. $300. (T. 9, lines 2-6).

The Defendant also admits that, on or about the 30th day of November, 2005, the defendant, while under oath as a witness in UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly testified with respect to a material matter as follows:

"Q. So then it would be true, then – or it would not be true that you saw him and you stopped him?

A. No, sir, that's untrue.

Q. You just made that up?

A. Yes, sir.

Q. And I was asking when it says that you were asking him about charges that you had for the projects and you got caught, you never did that?

A. No, sir. No, sir.

Q. Then where it says you asked him if there was any way he could help you out, you never asked him to help you out?

A. No, sir, I did not. No, sir.

Q. And he didn't tell you about any lady down at the police station?

5

A. Well, when I got with Mr. Core, when Tyrone told him what to tell me to go down there, yes, I did sign a piece of paper down there at the Clerk's Office in Auburn.

Q. But he didn't tell that you it was going to be expensive?

A. No, sir.

Q. Turning to page six. Did you ever tell Tyrone that you didn't want to get locked up for thirty days and lose everything --

A. No, sir." (T. 231 line 5- T. 232 line 12); and

"Q. All right. Let me take you to page 9 line two. There it says, "So at some point did you actually pay Officer White the agreed upon money?" And your answer was, "Yes, sir." Is that true?

A. No, sir, I didn't pay him any money.

Q. And Mr. Franklin asked you a second question, "What did you pay him again". And you said "Three hundred dollars." Is that true?

A. No, sir, that's untrue." (T. 235, line 24- T. 236, line 9).

Finally, the Defendant admits that the underscored material declarations of the defendant, quoted in herein were irreconcilably contradictory and were material to the point in question in each of the proceedings before which such declarations were made.

All in violation of Title 18, United States Code, Section 1623.

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

5. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that

6

any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

6. The defendant, before entering a plea of guilty to Count 1, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the

defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

  f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

  g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

  h. The defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the plea agreement, the Defendant would be permitted to withdraw the defendant's plea, if the defendant so chooses.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

7. The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to

which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This 7 day of July, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Andrew Schiff
Andrew Schiff
Deputy Criminal Chief

/s/ K. David Cooke, Jr.
K. David Cooke, Jr.
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101
(334)223-7280

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Mitchell Giles
Defendant

_7/11/06_____
Date

_____
Everett M. Urech
Attorney for the Defendant

_7/11/06_____
Date