IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CASE NO: 2:06-cr-016-A |
| | ) | |
| **MITCHELL GILES** | ) | |
|     Defendant | ) | |

**Motion for Downward Departure**
**U.S. Sentencing Guideline § 5K2.12 - Coercion and Duress**

**COMES NOW** the Defendant, through his counsel of record, and moves for a downward departure in his case under U.S. Sentencing Guidelines § 5K2.12.

The Defendant would show that he was intimidated into testifying falsely at the grand jury by Auburn Police Investigator Jerry Holder. According to the affidavit of Mr. Giles filed in the case of United States v. Tyrone White, 3:05-cr-00234-WHA-DRB (Clerks Docket, Document No. 39, pgs 12-14, and attached to this filing), on Friday evening, August 2, 2005, Investigator Holder threatened to lock him up unless "he told them what they wanted to hear" and therefore he made up a story about his giving Tyrone White money.

The defense argues the Defendant was so intimidated by Investigator Holder that when he testified falsely to the grand jury that he acted under "incomplete duress", as is discussed in U.S. v. Nava-Sotelo, 232 F. Supp.2d 1269, 1281 (N.M. 2002):

> B. *Incomplete Duress and Lesser Harms* The Sentencing Guidelines explicitly provide for a downward departure if coercion and duress played a part in the defendant's commission of the offense: If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the extent to which the conduct

would have been less harmful under the circumstances as the defendant believed them to be. USSG § 5K2.12 (2001). The basis for departure has been characterized as "incomplete duress" because it "was meant to apply precisely to those situations where a complete defense was not present." *United States v. Garza-Juarez,* 992 F.2d 896, 912 (9th Cir. 1993) (citations omitted); *see also United States v. Johnson,* 956 F.2d 894, 898 (9th Cir. 1992) ("Evidently the Commission had in mind the showing of duress less than what constitutes a defense to a crime; for if the defense were `complete,' there would have been no crime requiring a sentence."). This ground for departure is broader than the defense of duress, as it does not require immediacy of harm or inability to escape, and allows the district court to consider the subjective mental state and personal characteristics of the defendant in its determination. *United States v. Henderson-Durand,* 985 F.2d 970, 976 (8th Cir. 1993). Moreover, in order to find incomplete duress, the Court need not find the offense to have been involuntary."

Therefore, the Defendant requests a downward departure based upon "incomplete duress".

Respectfully submitted,

s/ Everett M. Urech

EVERETT M. URECH (ASB 6693-E44E)
URECH & LIVAUDAIS, P.C.
Attorney for Defendant
Post Office Drawer 70
Daleville, Alabama  36322
(334) 598-4455 / 598-2076 fax
daleatty@snowhill.com

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date delivered a copy of the foregoing to the United States Attorney, Middle District of Alabama, Criminal Division by electronic filing on the 30th day of July, 2006.

s/ Everett M. Urech

Of Counsel